# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Isiah Ha'Keem Burns, ) | Civil Action No. 5:17-1295-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Officer Dalton, Director Myers, Co-Director ) | |
| Kitchens, Lt. Sligh, Lt. Seaward, *and* Lt. ) | |
| Friely, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that claims against Defendants Myers, Kitchens, Sligh, Seaward, and Friely be summarily dismissed without prejudice. For the reasons set forth below, the Court adopts the Report and Recommendation.

## I. Background

Plaintiff alleges Defendant Dalton, an officer at the Alvin S. Glenn Detention Center in Richland County, South Carolina, hit him in the face and injured his left arm on August 11, 2015. Plaintiff alleges Officer Dalton was fired after Plaintiff filed an administrative grievance regarding the incident. (Dkt. No. 1 at 9.) Plaintiff also names several supervisory officials as Defendants (Myers, Kitchens, Sligh, Seaward, and Friely), but he does not make any allegations against them.

Plaintiff filed the present action on May 18, 2017. On July 28, 2017, the Magistrate Judge recommended dismissal without prejudice of Defendants Myers, Kitchens, Sligh, Seaward, and Friely under 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed no objections to the Report and Recommendation.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III. Discussion

The Magistrate Judge recommends summary dismissal of Defendants Myers, Kitchens, Sligh, Seaward, and Friely because the complaint contains no allegations of wrongdoing by these Defendants. The Court agrees. To assert a plausible § 1983 claim against a public official, a plaintiff's allegations must show a causal connection or affirmative link between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Supervisory officials like Defendants Myers, Kitchens, Sligh, Seaward, and Friely may be liable for the constitutional injuries inflicted by their subordinates if the facts alleged satisfy the three-part test for supervisory liability under § 1983 set forth in *Shaw v. Stroud*: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that

posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." 13 F.3d 791, 799 (4th Cir. 1994). Here, Plaintiff has not alleged any facts about any supervisory official's knowledge of or response to any constitutional violation. To the contrary, his allegation that Officer Dalton was fired in response to the incident in which Plaintiff was injured undercuts any claim that the supervisory response to the incident "was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices.'" Plaintiff therefore fails to state a plausible claim for relief against Defendants Myers, Kitchens, Sligh, Seaward, or Friely.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 17) as the Order of the Court. All claims against Defendants Myers, Kitchens, Sligh, Seaward, and Friely and **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 14, 2017
Charleston, South Carolina